TINA KIRCHNER MONTZ,                    )
                                        ) Appeal No.
          Plaintiff/Counter-Defendant/  ) 01A01-9812-CV-00635
          Appellee,                      )
                                        )
v.                                      )
                                        ) Davidson Circuit
CHRISTIAN ANDREW MONTZ,                 )
                                        )
          Defendant/Counter-Plaintiff/  )
          Appellant.                     )

**FILED**

**June 29, 1999**

**Cecil Crowson, Jr.
Appellate Court Clerk**


COURT OF APPEALS OF TENNESSEE
MIDDLE SECTION AT NASHVILLE


APPEALED FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE MARIETTA SHIPLEY, JUDGE.


DAVID H. HORNIK,
222 Second Avenue North
Suite 350M
Nashville, Tennessee  37201-1649
          Attorney for Plaintiff/Counter-Defendant/Appellee

ROSEMARY E. PHILLIPS
429 Church Street
P.O. Box 590
Goodlettsville, Tennessee  37070-0590
          Attorney for Defendant/Counter-Plaintiff/Appellant


AFFIRMED AND REMANDED


HERSCHEL P. FRANKS, JUDGE


CONCUR:
GODDARD, P.J.
SUSANO, J.

<u>M E M O R A N D U M   O P I N I O N</u>[1]

In this divorce action, the husband has raised these issues on appeal:

1. Whether the Court erred in awarding custody of the minor child to the mother?

2. Whether the Court erred in setting child support?

3. Whether the Court erred in the division of the debt?

4. Whether the court erred in not awarding husband's attorney's fees?

The parties were married in October of 1994, and one child was born to the marriage on September 21, 1995. The father insists that the Trial Court erred in awarding custody of the child to the mother.

The husband's attack on the wife's credibility is based upon misrepresentations made to the Court. Clearly, the Trial Judge was concerned about the conduct of both parties and their representations to the Court. However, the best interest of the child is the test in the placement of custody, and the Trial Judge's factual determinations from the testimony of the witnesses is entitled to deference by this Court, since the Trial Judge had the opportunity to observe and evaluate all of the parties' testimony. Moreover, custody may not be used to punish or reward parents, but should be utilized to promote the best interest of the child by placement with the parent, *see Gaskill v. Gaskill*, 936 S.W.2d 626 (Tenn. App. 1996), and in awarding custody neither parent is to be measured against a standard of perfection. *Id.* at 106.

In this case, the Trial Court considered the parents' behavior and

_____

[1]     The Court of Appeals' Rules provide:

RULE 10. AFFIRMANCE WITHOUT OPINION
        (b) The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

parenting skills, and concluded that the husband had created a climate of physical and emotional abuse during the marriage, and took into account his attitude as to parental responsibility, generally. Ultimately, the Court, after carefully analyzing the evidence relating to the issue of custody, said:

> The Court is bound by the factors in determining a parenting plan under T.C.A. §36-6-411. The primary factor applicable in this case is (B) which discusses the strength, nature and stability of the child's relationship with each parent, including whether a parent has taken greater responsibility for performing parenting responsibilities relating to the daily needs of the child, as well as the continuity of the child's life. Both parents clearly love the child and can successfully care for the child, however, the Court considers Ms. Montz to be the primary care giver as stated in (E).

While the evidence was in conflict about the respective fitness of the parents, the evidence does not preponderate against the custody award as being in the best interest of the child. T.R.A.P. Rule 13(d). *Also see Whitaker v. Whitaker*, 957 S.W.2d 834 (Tenn. App. 1997).

As we understand the husband's next issue, it is contended that the Trial Court erred in determining that the husband had an average income of $2,500.00 per month, in calculating his child support obligation. Child support is properly based on the earning capacity of a parent, and the evidence in this record does not preponderate against the Trial Judge's finding that the husband's earning capacity was at least $30,000.00 per year. We find no merit in this issue.

Next, the husband argues that the Court erred in the division of the marital debt. As a part of the marital settlement, the Court has discretion in allocating indebtedness, as well as assets. Our analysis of the obligations of the parties does not reveal any inequities in the Court's adjustment of the marital indebtedness.

Finally, the husband assigns as error, the Court's failure to award his attorney's fees, as requested. The award of attorney's fees is in the discretion of the Trial Court in divorce actions. *Koch v. Koch*, 874 S.W.2d 571 (Tenn. App.

1993). We find no abuse of discretion, in the Trial Court denying the husband his requested attorney's fee.

The cost of the appeal is assessed to appellant and the cause remanded to the Trial Court.

_____
Herschel P. Franks, J.

CONCUR:

_____
Houston M. Goddard, P.J.

_____
Charles D. Susano, Jr., J.